(84 Misc. Rep. 494)

### PEREW v. CITY OF NORTH TONAWANDA et al.

(Supreme Court, Special Term, Erie County. March, 1914.)

MUNICIPAL CORPORATIONS (§ 993*)—LETTING OF CONTRACT—INJUNCTION—RIGHT OF ACTION.

    Under the charter of the city of North Tonawanda (Laws 1907, c. 752, tit. 23, § 1), providing that a contract for materials or supplies, the nature of which will admit of competition if involving an expenditure of more than $200, shall be awarded to the one whose bid "shall be deemed by the common council or board having the matter in charge most advantageous to the city," where the highest bid for collecting the refuse of the city for a year was $3,500 and the lowest $2,900, a taxpayer could

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not enjoin the board of health from awarding the contract to one whose bid was $3,360, in the absence of a showing that the city would not get full value in service under a contract for such amount.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. § 993.*]

Action by Philip Perew against the City of North Tonawanda and others. Plaintiffs move for an injunction. Motion denied.

Smith & Maldiner, for plaintiff.

Aug. F. Premus, of Tonawanda, for defendant Board of Health of City of North Tonawanda.

EMERY, J. The plaintiff, a taxpayer of the city of North Tonawanda, brings this action against the city, the members of the board of health, and others, to procure an adjudication that a certain contract about to be made by the board of health of that city with one William F. Sprenger, for the collection of the city's garbage and refuse, is made in bad faith, is fraudulent and illegal, and will constitute a waste of the funds of the city, and now makes this motion for an order enjoining the defendants from entering into such contract during the pendency of this action.

The facts disclosed on this motion are that the board of health advertised for bids upon a contract to collect the refuse of the city for the period of one year; a meeting of the board of health was held on the evening of February 6, 1914, at which time bids were opened; there were several bids, the highest being for $3,500, and the lowest for $2,900; the bids were read by the city clerk, and the board went into executive session. Afterwards, and in regular session, a ballot was taken which favored the awarding of the contract to the defendant Sprenger for the amount of his bill, $3,360.

The plaintiff claims that the contract should have been awarded to the lowest bidder. Section 1, tit. 22, of chapter 752, of the Laws of 1907, constituting the charter of the city of North Tonawanda, provides in part as follows:

"Section 1. Letting of Contracts.—Whenever the common council or any board shall require any work to be done, or material or supplies to be furnished, the nature of which will admit of competition on the part of those who might do or furnish the same, the same shall be done or furnished, as the case may be, by contract if an expenditure of more than two hundred dollars shall be involved. Such contract shall be awarded to the bidder whose bid shall be deemed by the common council, or board having the matter in charge, most advantageous to the city."

It will thus be seen that the board of health, under the charter of the city, is not obliged to award the contract to the lowest bidder, but it is compulsory that "such contract shall be awarded to the bidder whose bid shall be deemed * * * most advantageous to the city."

It was for the board of health to determine what bid was the most advantageous to the city. There is a marked difference between the provisions of the section quoted and a requirement that the contract shall be awarded to the lowest bidder. The bid most advantageous to the city is not necessarily the lowest. The board exercises judicial functions in making its determination, and the plaintiff has failed to

disclose a waste of public funds, as it is not shown that the city will not get full value in service for its money.

The provisions of this charter are in effect similar to the provisions of section 28 of chapter 490 of the Laws of 1883. That act was passed for the purpose of establishing a water supply for the city of New York. Section 28 provides:

"After the expiration of the time limited in the advertisement the said bids or proposals shall be publicly opened by the said aqueduct commissioners, and they may select the bid or proposal, the acceptance of which will, in their judgment, best secure the efficient performance of the work, or they may reject any or all of such bids."

Judge O'Brien passed upon a like question thereunder in Terrell v. Strong, 14 Misc. Rep. 258, 35 N. Y. Supp. 1000, upon a motion for a temporary injunction restraining defendants from awarding the contract to one not the lowest bidder. His language, as well as that quoted from Mr. Justice Barrett, is directly applicable in this case:

"This Aqueduct Act has been construed in at least two cases in this court. In the case of Jacob Ebling v. Aqueduct Commissioners, where, singularly enough, the plaintiff there sought, on much the same grounds as are here presented, to prevent the award of a contract to O'Brien & Clark on the grounds that their bid was not the lowest, and that they were favored contractors, Mr. Justice Barrett, in denying the motion for a preliminary injunction, among other things, said: 'The law permits the commissioners to reject all the bids which may be presented to them. It also permits them to accept whatever bid they think will produce the greatest efficiency in the performance of the work. That is the legislative policy upon which this particular work is being constructed. We have not power, sitting as a court of equity, to limit the range of selection on the part of these commissioners. * * * The difficulty here, as I said before, is that the Legislature has given a wide discretion to these commissioners. The usual policy of the law has been abandoned, namely, that the work should be given to the lowest bidder. If the commissioners think that the giving of the work to one who is not the lowest bidder will insure efficiency, they have the power to give it to him.' And, in speaking of what should appear to justify the court's interference, he continues: 'That the work was given to one who is not the lowest bidder, fraudulently, or upon some corrupt understanding.' This, and other cases that might be cited, show that a court of equity has no right to interfere with and control the exercise of the discretionary power vested in a public body such as the aqueduct commission."

The same provision was again passed upon in Walter v. McClellan, 48 Misc. Rep. 215, 96 N. Y. Supp. 479, affirmed 113 App. Div. 295, 99 N. Y. Supp. 78, and again affirmed 190 N. Y. 505, 83 N. E. 1133.

The plaintiff charges fraud and bad faith, but no evidence has been offered which sustains those charges; hence, as stated by Justice O'Brien in Terrell v. Strong, supra, 14 Misc. Rep. 262, 35 N. Y. Supp. 1003:

"The law presumes honesty rather than fraud, and it will not, in the absence of proof, conclude that a discretion vested in a public body is being fraudulently exercised."

In all the authorities cited by the plaintiff's counsel, the provisions under which the actions were maintained were essentially different from those contained in this city charter, in that they required the contract to be awarded to the lowest responsible bidder.

Motion for injunction denied.